UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN HODGDON, | ) |
|     Plaintiff | ) ) ) |
| v. | ) Civil No. 9-418-B-W |
| DOWNEAST CORRECTIONAL FACILITY, et al. | ) ) ) ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON UNOPPOSED MOTION TO DISMISS**

Dustin Hodgdon has sued the Downeast Correctional Facility, its chief administrator, Scott Jones, and Officer Beverly, alleging that Officer Beverly teased and harassed him in the wake of a medical appointment involving a rectal examination. According to Hodgdon, Beverly also told other officers and inmates about the examination. Hodgdon claims in his complaint that this "le[]d to other problems such as p[h]ysical altercations with other inmates," generated remarks by other officers and inmates that suggested he was gay or which were sexually related, and created a hostile and humiliating atmosphere. With regards to Jones and the jail, Hodgdon states that he grieved the problem and nothing was done. Hodgdon articulates a violation of his medical privacy and defamation of character.[1]

This recommended decision addresses a motion to dismiss filed on behalf of the Downeast Correctional Facility asserting that it, as a state agency, cannot be held liable for violations of 42 U.S.C. § 1983, per Will v. Michigan Department of State Police, 491 U.S. 58 (1989). See also Poirier v. Mass. Dept. of Corr., 558 F.3d 92, 97 (1st Cir. 2009) ("States and their

---

[1] Because Hodgdon is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). As there is no diversity jurisdiction on the face of Hodgdon's pleadings, I assume he is trying to plead constitutional claims made actionable in federal court pursuant to 42 U.S.C. § 1983.

agencies are entitled to sovereign immunity 'regardless of the relief sought.' Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985)."). Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In light of the clear state of the law on this point, it does not offend equity to grant the unopposed motion to dismiss.  See ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir.2006); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002).

## CONCLUSION

For these reasons I recommend that the Court grant the motion to dismiss (Doc. No. 10).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 8, 2009