UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN HODGDON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) Civil No. 9-418-B-W |
| | ) |
| DOWNEAST CORRECTIONAL | ) |
| FACILITY, et al. | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON UNOPPOSED MOTION TO DISMISS**

Dustin Hodgdon has sued the Downeast Correctional Facility, its chief administrator, Scott Jones, and Officer Beverly, alleging that Officer Beverly teased and harassed him in the wake of a medical appointment involving a rectal examination. According to Hodgdon, Beverly also told other officers and inmates about the examination. Hodgdon claims in his complaint that this "le[]d to other problems such as p[h]ysical altercations with other inmates," generated remarks by other officers and inmates that suggested he was gay or which were sexually related, and created a hostile and humiliating atmosphere. With regards to Jones's liability, Hodgdon states that he grieved the problem and nothing was done. Hodgdon articulates a violation of his medical privacy and defamation of character. In a separate decision, I have recommended dismissing the suit as against Downeast Correctional Facility. In this opinion, I address an unopposed motion to dismiss by Defendants Beverly and Jones (Doc. No. 11).

*Dismissal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint can be dismissed for "failure to state a claim upon which relief can be granted." In deciding a motion to dismiss, the court accepts as true the factual allegations of the complaint, draws all reasonable inferences in

favor of the plaintiff that are supported by the factual allegations, and determines whether the complaint, so read, sets forth a plausible basis for recovery. Trans-Spec Truck Serv., Inc. v. Caterpillar Inc., 524 F.3d 315, 320 (1st Cir. 2008). To properly allege a claim in federal court, it is not enough merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __ U.S. __, __, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Additionally, because Hodgon is a pro se litigant, his complaint is subjected to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

### *Hodgdon's Claims and the Motion to Dismiss*

As there is no diversity jurisdiction on the face of Hodgdon's pleadings, I assume Hodgdon is trying to plead constitutional claims made actionable in federal court pursuant to 42 U.S.C. § 1983. In their motion to dismiss Jones and Beverly argue three points: First they contend that Hodgdon cannot seek injunctive relief vis-à-vis these defendants because he is out of their custody, having been transferred to the Maine State Prison; second, they argue that his complaint fails to state an actionable 42 U.S.C. § 1983 claim; and, third, they maintain that they are entitled to qualified immunity.

As to Jones, as chief administrator, the only theory of liability with respect to him pertains to his actions or inactions as a supervisor. The motion to dismiss is quite correct in its argument that the complaint does not state a supervisory liability claim because there is no affirmative link between the alleged rights violation and Jones's subsequent responsibility for reviewing Hodgdon's grievance after-the-fact. See Iqbal, 129 S.Ct. at 1948; Maldonado v. Fontanes, 568 F.3d 263, 274 -75 & n.7 (1st Cir. 2009);   Whitfield v. Melendez-Rivera, 431 F.3d

1, 14 (1st Cir. 2005); Choate v. Merrill, 08-49-B-W, 2009 WL 3487768, 2 -4 (D. Me. Oct. 20, 2009) (pending recommended decision).

Regarding Beverly, who clearly is implicated in the alleged rights violation, as a cruel and unusual punishment claim the allegations of Hodgdon's complaint, undefended by him in response to the motion to dismiss, do not support a claim of an Eighth Amendment violation. See Johnson v. Unknown Dellatifa, 357 F.3d 539, 545-46 (6th Cir. 2004); Mortimer Excell v. Fischer, Civ. No. 9:08-CV-945 (DNH/RFT), 2009 WL 3111711, 5-7 (N.D.N.Y. 2009); Doyle v. Jones Nos. 1:06-cv-628, 1:06-cv-630, 2007 WL 4052032, 9 (W.D. Mich. 2007); Doe v. Magnusson, Civ. No. 04-130-B-W, 2005 WL 758454, 15-17 (D. Me. Mar, 21, 2005) (collecting cases) (recommended decision), adopted, 2005 WL 859272 (D. Me. Apr. 14, 2005). Assuming Hodgdon's allegations are true, he is essentially complaining about verbal harassment. His allegations simply do not rise to the level of a constitutional violation. I recognize that he states that Beverly's comments to other officers and inmates led to "physical altercations with other inmates an[d] also added stress to what was already a stressful situation." However, there is no allegation that Hodgdon was physically harmed by another officer or inmate, see 42 U.S.C. §1997e(e). See, e.g., DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution. Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws.") (citations omitted); cf. Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) ("It is well established that not every state tort constitutes a violation of a protected federal right simply because it is committed by the state. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is

generally not sufficient to constitute an invasion of an identified liberty interest.")(citations omitted).

However, fairly construed, Hodgdon does state a claim for a Fourteenth Amendment violation of his right to medical privacy. I discussed a similar claim presented by a Maine State Prison inmate in Doe v. Magnusson. In that opinion I surveyed the law that I located on the issue and concluded,

> that the question of whether or not inmates have a Fourteenth Amendment right to privacy that protects private medical information from disclosure (not justified by legitimate penological reasons) by governmental actors was not clearly established by June 3, 2003. Certainly neither the Supreme Court nor the First Circuit had decisions that established this proposition.

2005 WL 758454 at 11. As Magistrate Judge Sorokin explained very recently, it still remains uncertain in the First Circuit – and, thus, not clearly established – what the parameter of a right to medical privacy is in such a context. See Marchand v. Town of Hamilton, Civ. No. 09-10433-LTS, 2009 WL 3246607, 6 -7 (D. Mass. Oct. 5, 2009). And, with regards to the qualified immunity inquiry, Hodgdon's claim is one step removed from Doe's and Marchand's: What Beverly allegedly disclosed to other guards and inmates was not a medical condition, per se, such as one's HIV status or one's emotional state, but a method of examination that is not necessarily indicative of any medical condition. So assuming that Hodgdon has stated a claim for a constitutional violation, see, Pearson v. Callahan, __ U.S. __, __ - __, 129 S. Ct. 808, 816 - 822 (2009), I recommend that the court grant the motion to dismiss as to this action against Beverly on the basis of his qualified immunity defense.[1]

Hodgdon has had an opportunity to respond to Defendants Jones and Beverley's arguments as to why he has failed to state a claim against them and why they are entitled to

---

[1] Should the Court conclude that Hodgdon has alleged sufficient facts to hold Jones liable on a supervisory liability theory, he too would be entitled to qualified immunity.

qualified immunity.  He has not done so and it does not offend equity to grant the unopposed motion to dismiss.  See ITI Holdings, Inc. v. Odom, 468 F.3d 17, 19 (1st Cir.2006); NEPSK, Inc. v. Town of Houlton, 283 F.3d 1, 7 (1st Cir.2002).

## CONCLUSION

For these reasons I recommend that the Court grant the unopposed motion to dismiss (Doc. No. 11).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

December 10, 2009