UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DUSTIN HODGDON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DOWNEAST CORRECTIONAL )<br>FACILITY, et al. )<br>)<br>Defendants. ) | CV-09-418-B-W |

**ORDER AFFIRMING THE RECOMMENDED DECISIONS OF THE
MAGISTRATE JUDGE AND ORDER ON PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

An inmate brought suit against a correctional facility and several employees after malicious teasing by one officer led to significant hardship. The Defendants moved to dismiss and the inmate moved for appointment of counsel. The Court grants the motions to dismiss and denies the motion for appointment of counsel.

**I.    STATEMENT OF FACT**

On September 4, 2009, Dustin Hodgdon filed a *pro se* suit against Downeast Correctional Facility (Downeast); Scott Jones, Chief of Administration at Downeast; and Officer Beverly, a Corrections Officer at Downeast. *Compl*. (Docket # 1). Mr. Hodgdon alleges that Officer Beverly teased and harassed him after a June 2009 rectal exam, making several of the comments in the presence of other officers and inmates. As a result, Mr. Hodgdon alleges that other inmates "harass[ed], humiliate[d], and ma[d]e sexual remarks" to him, which in turn led to physical altercations with other inmates, transfer to the Maine State Prison, and severe psychological trauma that eventually resulted in a suicide attempt. *Id*. at 1-2. Further, he alleges that when he grieved the situation to Mr. Jones, "nothing was done." *Id*. at 2. Mr. Hodgdon

claims violation of the Eight and Fourteenth Amendments and seeks injunctive relief, in the form of removing Officer Beverly from his position; wages lost as a result of his transfer to the Maine State Prison; and monetary compensation for pain and suffering and damage to his character.

On November 13, 2009, Downeast Correctional Facility (Downeast) and Mr. Jones and Officer Beverly moved to dismiss, *Downeast's Mot. to Dismiss* (Docket # 10; *Jones' and Beverly's Mot. to Dismiss* (Docket # 11). Mr. Hodgdon did not respond. The Magistrate Judge recommended that the Court grant both motions. *Recommended Decision on Downeast's Mot. to Dismiss* (Docket # 12) (*Rec. Dec. on Downeast's Mot.*); *Recommended Decision on Jones' and Beverly's Mot. to Dismiss* (Docket # 13) (*Rec. Dec. on Jones' and Beverly's Mot.*). Mr. Hodgdon never objected to the Magistrate Judge's recommendation to dismiss the claim against Downeast. However, on December 15, 2009, Mr. Hodgdon objected to her recommendations to grant Mr. Jones' and Officer Beverly's motions to dismiss. *Obj. to Recommended Decision on Scott Jones* (Docket # 16) (*Obj. to Rec. Dec. Jones*); *Obj. to Recommended Decision on Beverly* (Docket # 17) (*Obj. to Rec. Dec. Beverly*). Mr. Hodgdon also renewed his motion for appointment of counsel. *Mot. to Appoint Counsel* (Docket # 18). Mr. Jones and Officer Beverly responded to Mr. Hodgdon's objections on January 3, 2010. *Resp. to Obj. to Recommended Decision* (Docket # 19) (*Resp. to Obj. to Rec. Dec.*). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record, and has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. The Court affirms the Magistrate Judge's Recommended Decision for the reasons set forth in her recommendation and for the additional reasons set forth in this Order.

## II.    DISCUSSION

### A.    Downeast's Motion to Dismiss

Downeast moved to dismiss asserting that Downeast, as a state agency, cannot be held liable for violations of 42 U.S.C. § 1983, the statute by which Mr. Hodgdon can bring his constitutional claims. *Downeast's Mot to Dismiss* at 1 (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) (holding that a state is not a person within the meaning of § 1983 and so is not liable under the statute)). The Magistrate Judge agreed and recommended dismissal because, "[i]n light of the clear state of the law on this point, it does not offend equity to grant the unopposed motion to dismiss." *Rec. Dec. on Downeast's Mot*. at 2. Mr. Hodgdon did not object to this recommendation and the Court, agreeing with her analysis, grants Downeast's motion.

B.  **Mr. Jones' Motion to Dismiss**[1]

The Court also agrees with the conclusion of the Magistrate Judge that Mr. Hodgdon cannot sustain a claim against Mr. Jones on the basis of supervisory liability for the actions of Officer Beverly. A supervisor "may be found liable only on the basis of her own acts or omissions." *Gutierrez-Rodriguez v. Cartagena*, 882 F.2d 553 (1st Cir. 1989) (quotations omitted); s*ee Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1948 (2009) (holding that "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior"). Because Mr. Hodgdon's grievance to Mr. Jones was made after Officer Beverly's comments, Mr. Hodgdon has not alleged "an affirmative

---

[1] It is with reservations that the Court addresses Mr. Hodgdon's objections. Mr. Hodgdon failed to respond at all to the motions to dismiss, and he now belatedly raises objections that he failed to make before the Magistrate Judge. Ordinarily, the failure to object constitutes a waiver, and the Court has the authority to affirm the Recommended Decision on this basis alone. "Parties must take before the magistrate, not only their best shot, but all of their shots." *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987) (internal quotation omitted). Mindful of Mr. Hodgdon's status as a *pro se*, however, the Court will address Mr. Hodgdon's tardy objections because Mr. Hodgdon deserves an explanation for why the Court overrules them. However, the Court reaches these objections with the understanding that Mr. Hodgdon has waived his right to object to the Magistrate Judge's decision by failing to object to the motions in the first place, and his waiver provides an independent and sufficient basis to affirm the Magistrate Judge's Recommended Decision.

link between the alleged rights violation and Jones' subsequent responsibility for reviewing Hodgdon's grievance after-the-fact." *Rec. Dec. on Jones' and Beverly's Mot.* at 2.

Mr. Hodgdon objects to the Magistrate Judge's recommendation to dismiss Mr. Jones, contending that Mr. Jones' failure to respond is itself a constitutional violation because it deprived him of his "rights to the grievance process." *Obj. to Rec. Dec. Jones* at 1. The due process clause, however, does not "confer upon an inmate a right to pursue grievance proceedings against prison officials." *Leavitt v. Allen*, No. 94-1641, 1995 WL 44530, at *2 (1st Cir. 1995). Mr. Hodgdon also clarifies that in his grievance to Mr. Jones he asked that "some action be taken," not that Officer Beverly be removed. *Obj. to Rec. Dec. Beverly* at 1-2. Even if Downeast's regulations were violated by Mr. Jones' failure to respond to Mr. Hodgdon's grievance, "prison regulations which establish a grievance procedure cannot give rise to a liberty interest because they confer only procedural protections, not substantive rights, upon the inmates who may use the grievance procedures." *Id*; 42 U.S.C. § 1997e(b) ("The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under [this section]."). The Court grants Mr. Jones' Motion to Dismiss over the objection of Mr. Hodgdon.

### C. Officer Beverly's Motion to Dismiss

Mr. Hodgdon raises several objections to the Magistrate Judge's recommendation to dismiss his claim against Officer Beverly. First, he argues that, despite his transfer to the Maine State Prison, his claim for Officer Beverly's removal from his position as a correctional officer at Downeast is not moot because "other inmates would have to endure such abuse in the future." *Obj. to Rec. Dec. Beverly* at 1. Second, Mr. Hodgdon argues that his Eighth Amendment rights were violated because of the extreme nature of Officer Beverly's harassment, which resulted in

4

Mr. Hodgdon getting into "several fights" that in turn caused his transfer to the Maine State Prison and which further resulted in Mr. Hodgdon becoming mentally unstable to the point of self-cutting and attempted suicide. *Id.* at 1-3. Third, Mr. Hodgdon re-asserts that Officer Beverly's disclosure of the rectal exam to other officers and inmates violated his medical privacy in violation of the Fourteenth Amendment. *Id.* at 4. Finally, Mr. Hodgdon contends that he suffered money damages in the form of lost wages that he would have earned at Downeast but for his transfer to the Maine State Prison, which occurred as a result of physical altercations stemming from Officer Beverly's comments. *Id*. Because the Court finds Mr. Hodgdon has not alleged facts that amount to an Eighth Amendment violation and that qualified immunity precludes his Fourteenth Amendment claim, the Court does not reach the question of whether the relief he demands is legally cognizable.

Regardless of the extent and offensiveness of Officer Beverly's words, verbal harassment alone "does not constitute cruel and unusual punishment." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Mr. Hodgdon alleges, however, that the words led to physical injury in the form of altercations with other inmates and self-infliction of injuries as a result of mental anguish. Courts that have allowed claims against prison officials on the basis of physical injuries caused by other inmates require a direct nexus between the official's words and the prisoners' conduct. For example, in *Glover v. Alabama Dept. of Corrections*, liability was upheld against a prison official who offered five to six packs of cigarettes as reward for killing a certain inmate and the inmate was brutally stabbed by several prisoners the following day. 734 F.2d 691 (6th Cir. 1984) *cert. granted and vacated,* 474 U.S. 806 (1985), *judgment reinstated,* 776 F.2d 964 (11th Cir. 1985). There is no similar direct connection between Officer Beverly's words and Mr. Hodgdon's altercations. Although Mr. Hodgdon now offers more specific examples of Officer

5

Beverly's harassment, none of Officer Beverly's statements purport to reward violent behavior towards Mr. Hodgdon or suggest that violence would be the preferred, or even likely, reaction on the part of other inmates; encouraging teasing is different than encouraging violence. In fact, Mr. Hodgdon does not allege that he suffered any injury as a result of fighting. Instead, the evidence suggests that Mr. Hodgdon was the instigator of the physical altercations: Mr. Hodgdon alleges that "I got into several fights," not that he was the victim of violence, and he alleges that *he*, not the other inmates, was transferred for fighting. *Obj. to Rec. Dec. Beverly* at 1-2. Officer Beverly is not responsible for Mr. Hodgdon's decision to respond to teasing violently.

Similarly, the psychological injury suffered by Mr. Hodgdon does not make Officer Beverly's verbal harassment actionable. "Allegations of harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was calculated to cause the prisoner psychological damage." *Cruz v. Robinson*, No. 09-2749, 2009 WL 414052, at *1 (E.D. Cal. Feb. 18, 2009) (internal quotations and citations omitted). Although Mr. Hodgdon's claims, if true, prove that Officer Beverly's comments were inappropriate and in bad taste, there is no indication that Officer Beverly intended his words to cause Mr. Hodgdon psychological harm. Although at best childish, the words are not so outrageous that Mr. Hodgdon's severe mental suffering should have been anticipated.

The Court agrees with the magistrate judge that Mr. Hodgdon "does state a claim for a Fourteenth Amendment violation of his right to medical privacy." *Rec. Dec. Jones' Beverly* at 4. *Marchand v. Town of Hamilton*, No. 09-10433, 2009 WL 3246607, at *6-7 (D. Mass Oct. 5, 2009) (stating that [prisoner] has a constitutional right to privacy in the non-disclosure of confidential mental health information allegedly disclosed for no legitimate public purpose). However, Officer Beverly has qualified immunity unless Mr. Hodgdon can also show that

Officer Beverly violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 129 ___U.S.___, 129 S. Ct. 808, 815-16 (2009) (outlining the two-step qualified immunity test as, first, whether a constitutional right was violated and, second, whether the right at issue was "clearly established"). Mr. Hodgdon cannot do so. Qualified immunity protects Officer Beverly because the contours of the right to medical privacy remain uncertain in the First Circuit. *See Marchand*, 2009 WL 3246607, at *6-7 (recognizing a constitutional right to privacy in the non-disclosure of certain health information but finding that such a right was not sufficiently established to obviate qualified immunity). The Court grants Officer Beverly's Motion to Dismiss over Mr. Hodgdon's objections.[2]

### D.   Mr. Hodgdon's Motion for Appointment of Counsel

The Court is statutorily empowered to appoint counsel by 28 U.S.C. § 1915(e). However, as Judge Hornby points out, there are "no funds appropriated to pay a lawyer or even to reimburse a lawyer's expenses. As a result, such appointments occur very rarely, being saved for cases that appear to have some chance of success." *Clarke v. Blais*, 473 F. Supp. 2d 124, 125 (D. Me. 2007). The First Circuit states, "There is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). Appointment of counsel is restricted to "exceptional circumstances . . . such that a denial of counsel [is] likely to result in fundamental unfairness impinging on [the plaintiff's] due process rights." *Id*. Because Mr. Hodgdon's case does not have a reasonable "chance of success," Mr. Hodgdon's Motion for Appointment of Counsel is denied.

---

[2] Mr. Hodgdon also asserts a Fourteenth Amendment violation based on the violation of a policy provision related to privacy. *Obj. to Rec. Dec. Beverly* at 4. Even if Mr. Hodgdon correctly references a Downeast policy, violation of an internal correctional facility rule does not, in and of itself, constitute a constitutional violation. *DesRosiers v. Moran*, 949 F.2d 15, 21 (1st Cir. 1991).

**III.  CONCLUSION**

The Court AFFIRMS the Magistrate Judge's Recommended Decisions (Docket #s 12 and 13).  The Court GRANTS Downeast's Motion to Dismiss (Docket # 10) and GRANTS Mr. Jones' and Officer Beverly's Motion to Dismiss (Docket # 11).

The Court DENIES Plaintiff's Motion for Appointment of Counsel (Docket # 18).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2010